IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JILL C. BARBER,

        Plaintiff,

v.                                 CIVIL ACTION NO. 3:14-27349

SEDGWICK CLAIMS MANAGEMENT
SERVICES INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendant's Motion for Summary Judgment for Failure to Disclose Expert Witnesses (ECF No. 88) and Plaintiff's Motion for Modification of Scheduling Order or for Leave to File Rule 26(a)(2) Disclosures Out of Time (ECF No. 91). For the reasons set forth below, the Court **DENIES as moot** Defendant's Motion for Summary Judgment (ECF No. 88) and **GRANTS** Plaintiff's Motion for Leave to File Rule 26(a)(2) Disclosures Out of Time (ECF No. 91).

**I.     DISCUSSION**

Rule 37(c) of the Federal Rules of Civil Procedure provides in pertinent part:

(1) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

It is undisputed by the parties that Plaintiff missed the September 17, 2015 deadline, as set by the Court, to file expert witness disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiff has argued that this mistake occurred through the inadvertence, oversight, and mistake

of Plaintiff's counsel's legal secretary by failing to include this date along with the posting of all the other dates set forth in the Court's Scheduling Order. ECF No. 91.

Upon reviewing the history of this litigation, it appears that this is the first deadline Plaintiff has missed. Plaintiff has been timely with all other court-imposed deadlines. In addition, the result of the sanction as provided under Rule 37(c) could be extreme in this case, as it could result in dismissal of this matter.[1] The Court finds that a potentially fatal sanction is not appropriate here, especially where neither party has characterized Plaintiff's failure to comply with the expert disclosure deadline as strategic or calculated in nature. *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 79 (1st Cir. 2009)("Because all parties acknowledged that the sanction carried the force of a dismissal, the justification for it must be comparatively more robust."); *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003) ("To be sure, dismissal ordinarily should be employed as a sanction only when a plaintiff's misconduct is extreme."). Therefore, the Court grants Plaintiff's Motion for Leave to File 26(a)(2) Disclosures Out of Time, (ECF No. 91), concluding that the circumstances here do not justify a sanction carrying with it the force of potential dismissal.

As such, the Court directs both parties to continue working within the deadlines set by the current Scheduling Order. ECF No. 9. It is unclear if Plaintiff has already served full Rule 26(a)(2) Disclosures on Defendant since the filing of her Motion requesting leave. If Plaintiff has not already done so, the Court orders the Plaintiff to complete full disclosures of all experts as required by Fed. R. Civ. P. 26(a)(2) within 14 days. Also, recognizing that late disclosure is a

---

[1] Defendant's Motion for Summary Judgment alleges that without testimony from Plaintiff's experts, Plaintiff will be unable to prove all essential elements of her claims. ECF No. 88.

burden to the Defendant, Plaintiff's counsel is directed to immediately make arrangements for the timely depositions of Plaintiff's experts with Defendant. Should the Defendant be unable to schedule depositions as a result of Plaintiff's late disclosure, Defendant may seek a limited extension of the discovery deadline.

Because the Court is granting Plaintiff's Motion for Leave to File Rule 26(a)(2) Disclosures Out of Time (ECF No. 91), the Court denies as moot Defendant's Motion for Summary Judgment for Failure to Disclose Expert Witnesses (ECF No. 88).

## II. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment for Failure to Disclose Expert Witnesses (ECF No. 88) is **DENIED as moot** and Plaintiff's Motion for Modification of Scheduling Order or for Leave to File Rule 26(a)(2) Disclosures Out of Time (ECF No. 91) is **GRANTED**. If Plaintiff has not already done so, the Court **ORDERS** the Plaintiff to complete full disclosures of all experts as required by Fed. R. Civ. P. 26(a)(2) within 14 days.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: November 5, 2015

ROBERT C. CHAMBERS, CHIEF JUDGE