IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JILL C. BARBER,

       Plaintiff,

v.                                                 Case No.: 3:14-cv-27349

JAMES W. HESLEP,

       Defendant.

## MEMORANDUM OPINION and ORDER

      This case involves alleged fraudulent conduct by Defendant in the course of resolving a Workers' Compensation claim. As part of the prayer for damages, Plaintiff seeks compensation for emotional distress, mental anguish, and mental pain and suffering. During discovery, Defendant learned that Plaintiff had received mental health care in the early 1980's, when she was a teenager. Accordingly, Defendant served Plaintiff with a request for production of documents, seeking the mental health records from Plaintiff's earlier treatment. Plaintiff acknowledged that she had possession of the records, but after some consideration, she refused to supply them to Defendant. Around the same time, Defendant served Camden Clark Memorial Hospital, the successor to the mental health provider that treated Plaintiff in the 1980's, with a subpoena requiring production of her records. Currently pending are Plaintiff's Motion to Quash the subpoena, (ECF No. 307), and Defendant's Motion to Compel responses to interrogatories and requests for production of documents, (ECF No. 298). The issue in both motions is whether Plaintiff's thirty-year-old mental health records should be

disclosed to Defendant. The parties appeared on July 19, 2017, by counsel, to argue the merits of their motions. Having carefully considered the arguments, and for the reasons that follow, the Court finds that the records should not be disclosed and, therefore, **GRANTS** the motion to quash and **DENIES** the motion to compel.

Federal Rule of Civil Procedure 45(d) sets forth the protections available to a person subject to or affected by a subpoena. In particular, Rule 45(d)(3) outlines when a court *must* quash or modify a subpoena, when it *may* do so, and when the court may direct compliance under specified conditions. In the context of discovery, "Rule 45 adopts the standards codified in Rule 26." *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005). Therefore, the scope and limitations of discovery set forth in Federal Rule of Civil Procedure 26 are controlling in both motions.

Rule 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). As part of the proportionality analysis, the court must consider the significance of the issues at stake in the action, the amount in controversy, the parties' relative access to information, the parties' resources, the importance of the discovery to resolving the issues, and the burden or expense of the proposed discovery. In addition to defining the scope of discovery, Rule 26 contains limitations to discovery. For example, when a protective order is sought, the court may forbid proposed discovery in order to protect a party or person from suffering embarrassment or oppression. Fed. R. Civ. P. 26(c).

In considering the pending motions, the first question that must be answered is whether Plaintiff's mental health care records are privileged; thus, removing them from the scope of information subject to discovery under Rule 26. In an action based on

diversity of citizenship, where state law supplies the rule of decision, the existence of a privilege is determined in accordance with state law; in this case, the law of West Virginia. Fed. R. Evid. 501. The parties implicitly agree that West Virginia does not recognize a psychotherapist/patient privilege; accordingly, Plaintiff's mental health care records are not privileged and may be discovered. Nevertheless, the West Virginia legislature has mandated that mental health care information be treated differently from other health care matters, providing mental health care records with heightened protection from disclosure. *See* W. Va. Code § 27-3-1. According to W. Va. Code § 27-3-1:

> Communications and information obtained in the course of treatment or evaluation of any [psychiatric] client or patient are confidential information. Such confidential information includes the fact that a person is or has been a client or patient, information transmitted by a patient or client or family thereof for purposes relating to diagnosis or treatment, information transmitted by persons participating in the accomplishment of the objectives of diagnosis or treatment, all diagnoses or opinions formed regarding a client's or patient's physical, mental or emotional condition, any advice, instructions or prescriptions issued in the course of diagnosis or treatment, and any record or characterization of the matters hereinbefore described.

W. Va. Code § 27-3-1(a). The statute further prohibits the disclosure of confidential information except in the following circumstances:

> (1) In a proceeding under section four, article five of this chapter to disclose the results of an involuntary examination made pursuant to section two, three or four of said article;
>
> (2) In a proceeding under article six-a of this chapter to disclose the results of an involuntary examination made pursuant thereto;
>
> (3) Pursuant to an order of any court based upon a finding that the information is sufficiently relevant to a proceeding before the court to outweigh the importance of maintaining the confidentiality established by this section;
>
> (4) To provide notice to the federal National Instant Criminal Background Check System, established pursuant to section 103(d) of the Brady Handgun

3

> Violence Prevention Act, 18 U.S.C. § 922, in accordance with article seven-a, chapter sixty-one of this code;
>
> (5) To protect against a clear and substantial danger of imminent injury by a patient or client to himself, herself or another;
>
> (6) For treatment or internal review purposes, to staff of the mental health facility where the patient is being cared for or to other health professionals involved in treatment of the patient; and
>
> (7) Without the patient's consent as provided for under the Privacy Rule of the federal Health Insurance Portability and Accountability Act of 1996, 45 C.F.R. § 164.506, for thirty days from the date of admission to a mental health facility if: (i) The provider makes a good faith effort to obtain consent from the patient or legal representative prior to disclosure; (ii) the minimum information necessary is released for a specifically stated purpose; and (iii) prompt notice of the disclosure, the recipient of the information and the purpose of the disclosure is given to the patient or legal representative.

W. Va. Code § 27-3-1(b). Only subsection (3) applies to the instant action.

Subsection (3) requires the court to conduct a two-step analysis before ordering the release of confidential information. First, the court must determine whether the confidential information is relevant to the proceeding. If the information sought is not relevant, then it may not be disclosed. Next, if the information is deemed relevant, the court must determine if the information is "sufficiently" relevant to outweigh the importance of maintaining its confidentiality.

Considering the first step, Plaintiff acknowledges that she has made a claim for damages based on mental anguish and emotional distress. She argues, however, that the information sought by Defendant is not relevant, because her mental health as a child has no bearing on her mental state just prior to and after the alleged fraudulent conduct by Defendant. In response, Defendant points to case law in this district finding that a plaintiff's medical records, including mental health care records, are relevant to emotional distress and mental anguish claims. Having reviewed the applicable law, the

4

undersigned agrees with Defendant. For the most part, a plaintiff's mental health treatment and history are relevant to claims of mental anguish and emotional distress. *Carpenter v. Res-Care Health Servs.,* No. 3:12-cv-08047, 2013 WL 1750464, at *2 (S.D. W. Va. April 23, 2013).

Turning to the second step, the court must weigh the evidentiary significance of the records against the statutory and public policy goals of keeping psychiatric information confidential. At this step, Plaintiff's argument that her thirty-year-old records lack "sufficient" relevance is persuasive. Mental health care records reflecting treatment received by Plaintiff three decades earlier, when she was a teenager, are simply too remote in time to be of great evidentiary significance. Defendant's need for the records is further diminished by the fact that Plaintiff did not receive any additional mental health care after her treatment in early the 1980's until 2013, when she sought treatment in connection with the instant action. Thus, when comparing the potential litigation benefits associated with a release of the records against the need to protect their confidentiality, the importance of the records is substantially outweighed by the Plaintiff's right to keep those records confidential. Therefore, the records may not be disclosed under West Virginia law.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** July 20, 2017

_____
Cheryl A. Eifert
United States Magistrate Judge