# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

JILL C. BARBER,

            Plaintiff,

v.                                   CIVIL ACTION NO. 3:14-27349

JAMES W. HESLEP,

            Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Stay All Proceedings and Dismiss the Case (ECF No. 320) pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction. Plaintiff filed the instant case in federal court claiming diversity jurisdiction pursuant to 28 U.S.C. § 1332. As Defendant, a citizen of West Virginia, remains the only defendant left in this case against Plaintiff, a citizen of West Virginia, Defendant challenges this Court's jurisdiction. For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 320).

    **I.**     **Background**

The factual allegations of this case have been summarized in past opinions and do not require further repetition. *See Mem. Op. & Order*, ECF No. 191 (denying prior defendant's motion to dismiss); *Mem. Op. & Order*, ECF No. 284 (denying Defendant's motion to dismiss). Plaintiff's original case sought damages from multiple defendants, including Sedgwick Claims Management Services, Inc. (Sedgwick), MES Solutions, and Defendant James Heslep (Defendant). The Court terminated defendant MES Solutions on May 23, 2016 when Plaintiff

removed the corporation from the Second Amended Complaint. *See Pl.'s Second Am. Compl.*, ECF No. 230. The Court dismissed Sedgwick on July 5, 2017 pursuant to the parties' joint motion. *See Final Order*, ECF No. 319. Accordingly, only Defendant remains in this case. The Third Amended Complaint specifies that both Plaintiff and Defendant are citizens of West Virginia. *See Pl.'s Third Am. Compl.*, ECF No. 268, at ¶¶ 3, 13. Defendant, thus, seeks dismissal for lack of subject matter jurisdiction based on the lack of complete diversity between the remaining parties. *See Def.'s Mot. to Dismiss*, ECF No. 320, at 1.

## II. Legal Standard

It is axiomatic that a court must have subject matter jurisdiction over a controversy before it can render any decision on the merits. A motion to dismiss for lack of subject matter jurisdiction raises the fundamental question of whether a court is competent to hear and adjudicate the claims brought before it and requires dismissal if the court lacks such jurisdiction. Rule 12(h)(3) specifies that a court must dismiss a case "[i]f the court determines *at any time* that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3) (emphasis added). Federal courts possess "only the jurisdiction authorized them by the United States Constitution and by federal statute." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). Rules 12(b)(1) and 12(h)(3) permit a party to move for dismissal for lack of subject matter jurisdiction. In such cases, the plaintiff has the burden of establishing a factual basis for jurisdiction. *See Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 561 (1992); *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). In ruling on the motion, the court may consider the pleadings' allegations as jurisdictional evidence. *Id*.

Challenges to jurisdiction under Rules 12(b)(1) or 12(h)(3) may be raised in two distinct ways: "facial attacks" and "factual attacks." *Thigpen v. United States*, 800 F.2d 393, 401 n.15

(4th Cir. 1986), *rejected on other grounds by Sheridan v. United States*, 487 U.S. 392 (1988). A "facial attack" questions whether the complaint's allegations are sufficient "to sustain the court's jurisdiction." *Id*. If a "facial attack" is made, the court must accept the complaint's allegations as true and decide if the complaint is sufficient to confer subject matter jurisdiction. *Id*. A "factual attack" challenges the truthfulness of the factual allegations in the complaint upon which subject matter jurisdiction is based. *Id*. In this situation, a "district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768 (citations omitted). To prevent dismissal, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id*. (citation omitted). A dismissal should only be granted in those instances in which "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id*. (citation omitted).

### III.   Discussion

Defendant's Motion to Dismiss asserts that this Court does not have proper subject matter jurisdiction over the case because Plaintiff destroyed complete diversity by adding Defendant to the Third Amended Complaint. *See Def.'s Mot. to Dismiss*, ECF No. 320, at 1. Plaintiff argues that Defendant has consented to jurisdiction by filing an answer and counterclaim and by failing to raise the subject matter jurisdiction issue previously. *See Pl.'s Resp.*, ECF No. 325, at 2. Plaintiff also asserts that this Court can retain the claim against Defendant under supplemental jurisdiction. *Id.* at 8. The parties do not dispute that jurisdiction in this case is based on diversity jurisdiction governed by 28 U.S.C. § 1332.

As an initial matter, the Court finds that Defendant cannot waive or consent to subject matter jurisdiction. *See Gaines Motor Lines, Inc. v. Klaussner Furniture Indus., Inc.*, 734 F.3d 296, 301 (4th Cir. 2013) ("A challenge to a federal court's jurisdiction can never be forfeited or waived because it concerns our very power to hear a case." (internal quotation marks and citations omitted)). Plaintiff recognizes that subject matter jurisdiction cannot be waived but still holds onto a notion that Defendant had previously concluded that he fell under § 1367 supplemental jurisdiction. *See Pl.'s Surreply*, ECF No. 330, at 4. This alleged conclusion and this Court's inaction at the motion to amend stage does not diminish the current task of deciding whether jurisdiction is proper. A party can challenge subject matter jurisdiction at any point during the litigation, regardless of whether that party previously submitted answers or motions to the court under an assumption of proper jurisdiction. *See Gaines Motor Lines*, 734 F.3d at 301 (analyzing whether district court had subject matter jurisdiction even though parties raised issue for first time on appeal). Federal courts have limited jurisdiction and must dismiss cases that fail to meet the federal question standard set forth in the Constitution or the statutory requirements dictated by 28 U.S.C. § 1332. *See* Fed. R. Civ. P. 12(h)(3). Accordingly, Defendant's Motion to Dismiss is proper and timely before the Court.

In determining whether this case has subject matter jurisdiction, the Court must follow the directives within the statutes for diversity jurisdiction and supplemental jurisdiction. Section 1332 on diversity states that a "district court[] shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states." 28 U.S.C. § 1332. The Supreme Court has interpreted the diversity mandate as requiring complete diversity between the class of plaintiffs and the class of defendants. *See Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806). For

supplemental jurisdiction with diversity claims, "the district courts shall not have supplemental jurisdiction … over claims … against persons made parties under Rule 14, 19, 20, or 24 … when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." 28 U.S.C. § 1367(b).

The Supreme Court analyzed how the supplemental jurisdiction statute changed jurisdictional requirements in *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005). In *Exxon*, the Supreme Court held that courts could retain diversity claims that fail to meet the jurisdictional amount in controversy under supplemental jurisdiction as long as the court had one claim that met the requirements to satisfy original jurisdiction. *Id.* at 558. Although the Supreme Court's ruling focused on the amount in controversy requirement, the Court analyzed the purpose of diversity jurisdiction and the differences between satisfying an amount in controversy versus complete diversity. *Id.* at 562 ("The presence of a single nondiverse party may eliminate the fear of bias with respect to all claims, but the presence of a claim that falls short of the minimum amount in controversy does nothing to reduce the importance of the claims that do meet this requirement."). Reading the exception to supplemental jurisdiction in § 1367(b), the Supreme Court determined that the exceptions prevented parties from adding nondiverse parties late in the litigation in attempts to avoid the complete diversity requirement. *Id.* at 565. Throughout the analysis, the Court reiterated the importance of complete diversity. *Id.* at 553 ("we have consistently interpreted § 1332 as requiring complete diversity: … the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action"); *id.* at 554 ("Incomplete diversity destroys original jurisdiction with respect to all claims, so there is nothing to which supplemental jurisdiction can

adhere."); *id.* at 566 ("Under § 1367, the court has original jurisdiction over the civil action comprising the claims for which there is *no jurisdictional defect*." (emphasis added)).

As *Exxon* concerns the amount in controversy requirement specifically, Plaintiff argues that adding a nondiverse party does not always destroy original jurisdiction. Plaintiff points to the Supreme Court's holding in *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426 (1991) for support. In *Freeport*, both parties were originally diverse when litigation commenced, but McMoRan subsequently transferred its interest to a limited partnership for unrelated reasons. *Id.* at 427. The Supreme Court found that the district court could retain jurisdiction over the case because "if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." *Id.* at 428. "Diversity jurisdiction, once established, is not defeated by the addition of a nondiverse party to the action." *Id.*

However, the Court finds that Plaintiff's reliance on *Freeport* is misplaced. Although the Supreme Court has recognized limited instances in which nondiverse parties do not destroy diversity jurisdiction, the *Freeport* exception is inapposite to the instant case. Here, rather than substitute a party for transferred interest, Plaintiff voluntarily added Defendant to its Third Amended Complaint under Rule 15. As noted by the Fourth Circuit and the Northern District of West Virginia, the *Freeport* decision does not permit the voluntary addition of nondiverse defendants. *See Martinez v. Duke Energy Corp.*, 130 F. App'x 629, 635 (4th Cir. 2005) (limiting *Freeport* to substitutions under Rule 25(c)); *Am. Heartland Port, Inc. v. Am. Port Holdings, Inc.*, Civ. No. 5:11CV50, 2014 WL 1123384, at *4 (N.D.W.V. Mar. 21, 2014) ("addition, rather than substitution, of a non-diverse defendant did destroy diversity jurisdiction"). *Freeport* stood for the proposition that nondiverse substitutions of parties would not destroy diversity once litigation has commenced. To expand this holding to voluntary additions of nondiverse parties would

permit plaintiffs "to circumvent the requirement of complete diversity simply by suing one or more diverse joint tortfeasors and then adding by amended complaint any and all nondiverse joint tortfeasors." *Martinez*, 130 F. App'x at 635. Accordingly, once additional parties are added to the litigation and a party challenges the subject matter jurisdiction of the court, the court must determine whether the parties remain diverse to maintain diversity jurisdiction over the action.

In this case, the analysis is straightforward. Plaintiff resides in West Virginia. Defendant also resides in West Virginia. Plaintiff's Surreply focuses on policy arguments and explanations of cases involving intervention or substitution of parties. *See Pl's Surreply*, ECF No. 330, at 1-3. Although Plaintiff attempts to characterize Defendant's interest as a transferred interest from prior defendant Sedgwick, the Court disagrees. *See Pl.'s Resp.*, ECF No. 325, at 7. Defendant was voluntarily added by Plaintiff to the Third Amended Complaint under Rule 15 for separate causes of action. Plaintiff did not substitute Sedgwick for Defendant, and Plaintiff maintained separate claims against each defendant until resolving claims against Sedgwick. Plaintiff's Surreply also failed to address *Martinez* and *American Heartland Port*, which the Court finds as the most convincing evidence supporting this case's dismissal. The Court, therefore, concludes that because Plaintiff and Defendant reside in the same state, diversity has been destroyed.

The Court finds that complete diversity is required to meet the original and supplemental jurisdiction requirements to establish subject matter jurisdiction. This decision falls in line with *Exxon*'s emphasis on complete diversity and the decisions of other cases around the country. *See Exxon*, 545 U.S. at 564 ("A failure of complete diversity, unlike the failure of some claims to meet the requisite amount in controversy, contaminates every claim in the action."); *In re Lorazepam & Clorazepate Antitrust Litig.*, 631 F.3d 537, 541-42 (D.C. Cir. 2011); *Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 500 F.3d 171, 179 (2d Cir. 2007); *Estate of Alvarez v. Donaldson Co.*, 213

F.3d 993, 995 (7th Cir. 2000). There is no dispute that Plaintiff and Defendant both reside in West Virginia. Therefore, this case lacks complete diversity, and the Court does not have subject matter jurisdiction. Any discussion of judicial economy, costs to the party, and time already spent in litigation cannot overcome the requirement to maintain complete diversity. The Court must **GRANT** Defendant's Motion to Dismiss (ECF No. 320).

## IV. Conclusion

Accordingly, the Court no longer retains subject matter jurisdiction over this case because complete diversity does not exist between Plaintiff and Defendant as required under 28 U.S.C. § 1332. Therefore, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 320) and **DISMSSES** this case from the docket of this Court. The part of the Motion to Dismiss requesting a Stay All Proceedings (ECF No. 320) is **DENIED as moot**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: August 7, 2017

_____
ROBERT C. CHAMBERS, CHIEF JUDGE